IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 14-53018-CAG-7 |
| JAMES & CORINNE GANDY, | * | |
| DEBTORS. | * | CHAPTER 7 |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | ADVERSARY NO. |
| | * | |
| JAMES & CORINNE GANDY, | * | |
| Debtors/Defendants. | * | |

### UNITED STATES' ADVERSARY COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF FEDERAL INCOME TAX UNDER 11 U.S.C. § 523(a)(1)(C)

For its adversary complaint, authorized and requested by a duly authorized delegate of the Secretary of the Treasury of the United States of America and directed on behalf of the United States Attorney General pursuant to 26 U.S.C. §§ 7401 and 7402, the United States sues the Debtors James Gandy and Corinne D. Gandy to determine the non-dischargeability of their $2.8 million federal income tax debt under 11 U.S.C. § 523(a)(1)(C), due to their willful attempts to evade or defeat this tax, as follows:

### JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This action is brought under Federal Rule of Bankruptcy Procedure 7001(6). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(i).

1

## PARTIES

2. Plaintiff is the United States of America (Internal Revenue Service), a secured creditor of the Debtors for their 2007 unpaid federal income (Form 1040) tax debt.

3. Debtor/Defendant James Gandy is an individual resident of the Western District of Texas, who may be served through his attorney, Anthony Hervol. Mr. Gandy is joined as a defendant to this adversary because the United States is requesting that the Court determine that his joint federal income tax debt for tax year 2007 is non-dischargeable under 11 U.S.C. § 523(a)(1)(C).

4. Debtor/Defendant Corinne D. Gandy is the wife of James Gandy and an individual resident of the Western District of Texas, who may be served through her attorney, Anthony Hervol. Mrs. Gandy is joined as a defendant to this adversary because the United States is requesting that the Court determine that her joint federal income tax debt for tax year 2007 is non-dischargeable under 11 U.S.C. § 523(a)(1)(C).

## FACTUAL BACKGROUND

5. As of bankruptcy petition date, December 4, 2014, the Debtors owed the United States $2,846,453.45 in federal income (Form 1040) tax for tax year 2007, and this claim is secured due to the pre-petition filing of a federal tax lien against the Debtors. Although the Debtors' Original Bankruptcy Schedules mischaracterized this debt as unsecured, they indicated that it is an undisputed debt in the amount of $2,843,009.74. In 2006, the Debtors purchased a residence in Kerrville, Texas for over $1.4 million, and paid off their $1 million mortgage on this residence in 2007. However, they failed to schedule their residence in their bankruptcy schedules in this case. Chapter 7 Trustee Randolph Osherow is in the process of selling the Debtors' residence for $925,000.00, and approximately $779,931.25 of the sales proceeds will be

paid to the United States (IRS) and applied to the Debtors' 2007 federal income tax debt, leaving a balance of approximately $2,066,522.20, if the sale closes.

6. Despite earning significant income in 2007, over $20 million according to the Debtors, the Debtors failed to pay their 2007 federal income tax debt. In fact they underreported their taxable income in their original 2007 federal income tax return by $18,822,602, according to an IRS Form 906, Closing Agreement on Final Determination Covering Specific Matters ("the Closing Agreement"), signed by the Debtors on December 5, 2011. Their 2007 amended tax return (Form 1040X), dated September 11, 2009, shows that they owed the IRS an additional $2,416,541 in tax, that they failed to report in their original 2007 income tax return. Also in this amended income tax return, the Debtors disclosed an additional $17,853,586 in adjusted gross income that was not reported by them in their original 2007 tax return.

7. The Debtors willfully evaded payment of their 2007 income tax liability by fueling a lavish lifestyle with funds that could have been used to pay their federal tax debt, by fraudulently transferring and secreting assets encumbered by a federal tax lien, and by filing a Chapter 7 bankruptcy with schedules that omit valuable assets. The Debtors' evasive actions include, but are not limited to, the following:

> a) <u>Use of Family Members to Hide Assets and Income</u>: The Debtors used their mothers, Mr. Gandy's brother and sister, and Mrs. Gandy's adult sons, to hide assets and income from the IRS. For example, after the IRS filed a federal tax lien against the Debtors in January of 2013, the Debtors gave Prem Gandy, Mr. Gandy's elderly mother, a lien on their $1 million residence, and Prem Gandy then allegedly conducted a fraudulent foreclosure on the property and acquired title to the property. The

3

documents regarding this transaction were backdated, to make it appear that Prem Gandy acquired an interest in the Debtors' expensive residence before the IRS filed a lien against them in 2013. When deposed regarding this transaction, Prem Gandy knew little about it. Mr. Gandy also gave his brother and sister an interest in his businesses to shield the businesses from IRS seizure. Also, Mrs. Gandy fraudulently conveyed her interest in certain Texas real property jointly owned with her elderly mother to her mother, in exchange for an alleged note receivable that was payable upon death. This property is located in a county adjacent to Bexar County, Texas, and the alleged note receivable to Mrs. Gandy's mother was not disclosed by the Debtors in their Original Bankruptcy Schedules. The Debtors gave their relatives liens on their properties to cloud title and diminish the equity that would be available to the United States were their properties to be seized by the IRS or foreclosed upon to pay their federal tax debt. In April of 2013, Mrs. Gandy withdrew $170,000 from her own bank account and deposited it into a bank account in her mother's name, although she continued to control these funds. In 2014, the Debtors paid $1,000 per month for rent owed by Mona Gandy, Mr. Gandy's sister in Canada. Some of the Debtors' relatives, who have assisted them in hiding assets and income from the IRS, reside in Canada, and they are beyond the Government's subpoena range.

b) <u>Use of Trusts and Offshore Accounts.</u> The Debtors also used sham trusts and foreign bank accounts to hide assets and income from the IRS. For

example, the Debtors established the Gandy Life Insurance Trust on or about October 22, 2010, to secrete some of their funds. They also hid substantial sums of money in bank accounts in United Arab Emirates, Lichtenstein, Switzerland, Lebanon, Belgium, and Canada, and failed to report income on these accounts to the IRS and failed to file a Report of Foreign Bank and Financial Accounts (FBAR) for these accounts despite their continued control over those funds. In the Closing Agreement signed by the Debtors with the IRS, the Debtors admitted that they "underreported federal income taxes during the period 2003 through 2008 through offshore financial arrangements (including arrangements with foreign banks, financial institutions, corporations, partnerships, trusts, or other entities)…"

c) <u>Debtors' failure to schedule valuable assets in this bankruptcy.</u> The Debtors failed to disclose in their bankruptcy schedules their expensive residence, certain business interests, and an airplane. In their Original Bankruptcy Schedules, the Debtors also failed to disclose a $115,000 account receivable owed by Mrs. Gandy's mother to her.

d) <u>Failure to explain loss of assets/funds.</u> In their Bankruptcy Schedules, Statement of Financial Affairs, and Section 341 Creditors' Meeting, the Debtors failed to explain the disposition of over $20 million received by Mr. Gandy in 2007 - funds the Debtors could have used to pay their 2007 federal income tax debt.

5

e) <u>Treatment of IRS/Issuance of False Financial Statement</u>. From late 2012 until shortly before this bankruptcy was filed on December 4, 2014, the Debtors were being pursued by IRS Collections for their 2007 federal income tax debt. In their 2011 federal income tax return, they claimed a loss in excess of $4 million, yet their monthly household expenses exceeded $22,000. On October 9, 2014, the Debtors gave the IRS a sworn IRS Form 433-A Collection Information Statement for Individuals (financial statement), that omitted the Debtors' residence at 108 Larry Lee Drive in Kerrville, Texas 78028, the same residence currently being sold by the Chapter 7 Trustee for $925,000, which residence is encumbered by a federal tax lien, as well as at least one airplane. The Debtors' failure to disclose their expensive residence and an airplane to the IRS was a material omission, rendering their financial statement false. They also failed to cooperate with IRS Collections by failing to providing truthful financial information and documents regarding their true financial condition. Instead of complying with an IRS summons that they appear on December 4, 2014, at an IRS office and answer questions under oath about their financial condition, the Debtors filed this bankruptcy, to avoid IRS Collections, to invoke the automatic stay, and to attempt to discharge their large federal income tax debt that they had the means and ability to fully pay for several years before they filed this bankruptcy.

f) <u>Debtors' Lavish Lifestyle</u>. Instead of paying their large income tax debt, the Debtors paid off a $1 million mortgage on their $1 million residence,

and purchased seven airplanes, two Ferraris, two Porsches, and a Mercedes Benz. Shortly before they filed this bankruptcy, the Debtors purchased two 2014 Volkswagens for themselves, and a 2013 Fiat for Mr. Gandy's adult daughter, among other valuable assets. They also deposited millions of dollars into offshore bank accounts in countries such as United Arab Emirates, Lichtenstein, Switzerland, and Lebanon, and failed to report the income on these accounts to the IRS. They also traveled to France, United Arab Emirates, India, Belgium, Italy, Germany, and the Netherlands, instead of using the money they spent on these expensive trips to pay the IRS. After this bankruptcy was filed, the Debtors leased a $300,000 home, and Mrs. Gandy flew to Paris, France on a pleasure trip. The Debtors also paid for Mr. Gandy's three daughters to attend college after their 2007 federal income tax debt was incurred. In 2014, they paid one of Mr. Gandy's adult daughters $1,000 per month for her living expenses, instead of using these funds to pay their federal income tax debt. After their 2007 income tax debt accrued, Mrs. Gandy spent thousands of dollars on elective cosmetic surgery, instead of using these funds to pay her federal income tax debt.

## Count I

**To Determine that the Taxes are Non-Dischargeable Under 11 U.S.C. § 523(a)(1)(C)**

8.  Based on the acts and conduct stated above, the United States seeks a judgment that the Debtors' federal income (Form 1040) tax debt for tax year 2007 in the amount of over

$2.8 million is non-dischargeable under the Bankruptcy Code -- 11 U.S.C. § 523(a)(1)(C), or is an exception from discharge, due to their willful attempts to evade or defeat the tax.

9. The Debtors misrepresented their financial condition in their bankruptcy schedules and statement of financial affairs, with the intent to hinder, delay, or defraud the IRS.

10. Through their affirmative acts and their omissions to pay their tax debts when they had the ability to do so but instead chose to enjoy a lavish lifestyle the Debtors willfully attempted to evade or defeat their federal income tax debt. See Matter of Bruner, 55 F.3d 195 (5th Cir. 1995) [debtors' pre-petition pattern of failing to pay their taxes, and attempting to hide income and assets, constituted a willful attempt to evade or defeat the tax liabilities, thereby warranting the exception of such liabilities]; see also, United States v. Thomas Acker, 2010 WL 3813243 (Bankr. E.D. Tex. 2010, Chief Judge Brenda Rhoades); United States v. Kevin Mixon, 101 A.F.T.R.2d (RIA) 2203 (Bankr. N.D. Tex. 2008, Chief Judge Barbara Houser); and United States v. Harrison, 366 B.R. 656 (S.D. Tex. 2007) [all finding that the debtors' federal tax debts were non-dischargeable, due to their willful attempts to evade or defeat their tax debts.

For these reasons, the United States requests that this Court enter a judgment finding:

1. That the Debtors are indebted to the United States in the amount of $2,846,453.45 for their 2007 federal income tax debt, and that the United States recover this tax debt from the Debtors, plus interest after bankruptcy petition date until paid;

2. That the Debtors' 2007 federal income tax debt is non-dischargeable under 11 U.S.C. § 523(a)(1)(C), or is an exception from discharge under this statute, due to their willful attempts to evade or defeat this tax; and

3. That the United States be awarded other such relief as is just and proper.

Respectfully submitted,

RICHARD L. DURBIN, JR.
United States Attorney

*/s/  Ramona S. Notinger*
RAMONA S. NOTINGER
Texas Bar No. 19158900
Ramona.S.Notinger@usdoj.gov
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas  75201
(214) 880-9766 fax: (214) 880-9742

ATTORNEYS FOR THE UNITED STATES
(INTERNAL REVENUE SERVICE)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed or e-mailed to the following on October 15, 2015:

James & Corinne Gandy, Debtors
3157 Double Eagle Drive
Kerrville, Texas  78028

H. Anthony Hervol, Esq.
4414 Centerview Drive, Suite 200
San Antonio, Texas  78228

Randolph N. Osherow, Esq.
Chapter 7 Trustee
342 W. Woodlawn, Suite 100
San Antonio, Texas  78212

James Rose, Esq.
U.S. Trustee's Office
PO Box 1539
San Antonio, TX 78295-1539

*/s/   Ramona S. Notinger*
RAMONA S. NOTINGER